**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **Robert Nock,** | * | |
| **Plaintiff,** | | **Case No.: 1:24-cv-00662-RDB** |
| | * | |
| **vs.** | | |
| | * | |
| **PalmCo Administration, LLC et. al.,** | | |
| **Defendants** | ****** | |

**MEMORANDUM OPINION AND ORDER ADDRESSING**
**DISCOVERY DISPUTES (ECF Nos. 50, 54 and 56)**

This putative class action alleges that Defendants, Palmco Administration, LLC d/b/a Indra Energy; Palmco Power MD, LLC d/b/a Indra Energy; and Palmco Energy MD, LLC d/b/a Indra Energy (collectively, "Indra" or "Defendants") violated the Telephone Consumer Protection Act and its Maryland equivalent by contacting Plaintiff and others similarly situated in violation of the statutes. (ECF No. 28 at 1). Plaintiff further alleges that Defendants' agents tried to mask these violations by portraying them as in-person solicitations rather than telephone contacts so as to avoid liability under the statutes. *Id*. at 15-16.

### I.     Background on Present Dispute

On November 7, 2024, this matter was referred to the undersigned for discovery and all related scheduling by U.S. District Judge Richard Bennett. (ECF No. 49). On that same date, the Court docketed a memorandum outlining its informal discovery dispute process. (ECF No. 50). Pursuant to that process, on November 13, 2024, the parties filed a joint letter outlining the current areas of dispute. (ECF No. 50). On November 18, 2024, the parties filed their respective

position letters regarding those areas of dispute.  (ECF Nos. 54 and 56).[1]  On November 26,

2024, the Court held a telephonic discovery conference with the parties to get a fuller

understanding of the dispute.  The Court's decision follows.

By way of other pertinent background, Judge Bennett addressed a previous discovery

issue raised by the parties on July 26, 2024.  (ECF No. 36).  In his order of that date, Judge

Bennett directed that Defendants produce "communications with Neil St. Louis/NSL Marketing,

LLC and any other Indra sales agents who enrolled Maryland consumers with Defendants

between April 1, 2021, and July 1, 2021."  *Id*.  Further, Judge Bennett ordered that Defendants

produce a witness, Mr. Cleckley, as a fact witness for a two-hour deposition. *Id*.  Based on the

allegations of the amended complaint, it appears Judge Bennett concluded this information was

relevant to the issue of whether Defendants knew or were on notice of the alleged practice of

Defendants' sales agents to substitute telephone solicitation for in-person solicitation at the time

of the named Plaintiff's alleged telephone solicitations.  Eventually, Defendants concluded their

production of documents responsive to Judge Bennett's order, and produced Mr. Cleckley for

deposition.

Plaintiff now argues that Defendants' production was incomplete as to certain emails and

certain document types, and that Mr. Cleckley was improperly instructed not to answer certain

deposition questions in violation of Federal Rule of Civil Procedure ("FRCP") Rule 30(c)(2).

(ECF No. 56).  For their part, Defendants contend that their document production was complete,

and that any further production would be burdensome.  (ECF No. 54).  Further, Defendants

defend their objections at Mr. Cleckley's deposition because they deemed them being beyond the

scope of discovery.  Finally, Defendants urge the Court to bifurcate discovery in this matter to

---

[1] The Clerk's Office docketed Defendants' position letter as a Motion to Bifurcate Discovery.  (ECF No. 54).
Although that is certainly one of the positions that Defendants take, their position letter further addresses the other
areas of discovery in dispute.

allow for discovery and dispositive motions practice as to the validity of the named Plaintiff's claim only, allowing for class discovery only if the Court denies their anticipated dispositive motion as to the named Plaintiff. *Id*. Plaintiff resists such bifurcation. (ECF No. 56).

## II.    Analysis

Dealing with the last issue first, the Court will order additional limited briefing on the issue of bifurcation of discovery, with each side limited to ten (10) pages. In this regard, Defendants' brief is due December 16, 2024, and Plaintiff's Opposition is due on January 6, 2025. Along with whatever arguments they intend to raise, the parties should specifically address what they anticipate the evidence will be supporting whether any calls were made by Defendants to the named Plaintiff that would constitute a violation of the TCPA.

As to the remaining issues, the Court's decision-making is heavily guided by Judge Bennett's prior decision of July 26, 2024, in that Judge Bennett has already found that "communications" between Defendants' sales agents (including those acting on their behalf at NSL) and Defendants regarding Maryland consumers who were enrolled by Defendants is within the scope of discovery. Indeed, Plaintiff indicates that the production to date, together with Mr. Cleckley's deposition testimony, supports his allegation that Defendants' agents were disguising telephone solicitations (potentially governed by the TCPA and its Maryland equivalent) as in-person sales calls, at least in one instance as shown by the GPS coordinates of the sales agents at the time of enrollment. Defendants' sales verification software, TPV.com captures such GPS data. Additionally, Mr. Cleckley's deposition demonstrated that some customers during quality assurance calls indicated that the sales agents contacted them by telephone rather than in-person. Further, as Plaintiff points out, the definition of "communications" used in their requests for production includes communications through a database such as TPV.com. For their part, Defendants argue that such further production would be create a disproportionate burden on

them, and that if the Court were to bifurcate discovery, such production would be outside the scope of "individual" discovery and should be deferred, if at all, to "class" discovery.  However, Defendants offer no specifics to allow the Court to assess their claims of burden, and, as mentioned, whether the Court will bifurcate discovery has yet to be decided.

Based on the above, within thirty (30) days from the date that the Court decides the bifurcation issue outlined above (unless excused as a result of that bifurcation decision), the Court will order Defendants to produce all TPV.com data for all attempted and successful enrollments between April and July of 2021.  The Court will not order Defendants to further produce "the top 300 attempted enrollments by distance" at this time.  Such data, to the extent it falls within the date range above, should already be included in Defendants' production.  The Court will also order Defendants to produce recordings for quality assurance calls for door to door enrollment during that same time period based on the deposition testimony of Mr. Cleckley, however, if they prefer,[2] Defendants need only produce those recordings where the consumer indicated that the sales agents telephoned them rather than visited them in person.  Defense counsel are reminded of their obligation under FRCP 26(g) to have at least one attorney of record sign the production (which, in turn, serves as certification that the production is complete to the best of the attorney's knowledge, information and belief formed after a reasonable inquiry).

As to further supplementing its prior production based on Plaintiff's contention that it is incomplete, Defendants are directed to supplement their prior production with any additional responsive documents uncovered that have not been previously produced, or indicate that no

---

[2] It may be logistically easier to Defendants to produce all of the calls and, of course, they may choose to do that instead of reviewing each call.

further responsive documents have been located, again signed by at least one attorney of record pursuant to Rule 26(g).

As for deposition objections, Rule 30(c)(2) allows for an instruction not to answer only under very limited circumstances. Those circumstances include matters protected by privilege or to enforce a limitation ordered by the Court.[3] *Id.* This Court having not ordered any limitation at this point, any instruction to not answer a question shall be limited to preserve privilege only. Any other objection should be "stated concisely in a nonargumentative and nonsuggestive manner" to preserve the record, but the witness is not excused from answering.

_11/27/2024_____
Date

J. Mark Coulson
United States Magistrate Judge

---

[3] A third justification, not relevant here, is to present a motion under Rule 30(d)(3) to terminate or limit the deposition.