IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ROBERT NOCK,** *on behalf of himself and others similarly situated,* | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No. 24-cv-00662-RDB |
| | * | |
| **PALMCO ADMINISTRATION, LLC,** *et al.,* | * | |
| *Defendants.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Plaintiff, Robert Nock, individually and on behalf of all others similarly situated, alleges that Defendants, PalmCo Administration, LLC d/b/a Indra Energy, and PalmCo Power MD, LLC d/b/a Indra Energy, and PalmCo Energy MD, LLC d/b/a Indra Energy (collectively, "Indra" or "Defendants") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* as well as the Maryland Telephone Consumer Protection Act, Md. Com. Law § 14-3201, *et seq.* (ECF No. 28). Specifically, Plaintiff contends Defendants contacted him and others similarly situated in violation of these statutes, and that Defendants' agents attempted to mask these violations by disguising them as in-person solicitations rather than telephone contacts so as to avoid liability. *Id.* at 15-16.[1] Presently before the Court is Defendants' Motion to Bifurcate Discovery. (ECF Nos. 54, 68).[2] The issues have been fully briefed, (ECF Nos. 68, 70), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Court shall DENY Defendants'

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.
[2] ECF No. 54 is Defendants' position letter regarding the parties' discovery disputes, but is docketed as a Motion to Bifurcate Individual and Class Discovery, and does include an overview of Defendants' arguments for bifurcation. Defendants' arguments are fully briefed at ECF No. 68.

motion.

I.  **BACKGROUND**

This matter was referred to the undersigned for discovery and all related scheduling by U.S. District Judge Richard Bennett on November 7, 2024. (ECF No. 49). On November 13, 2024, the parties filed a joint letter with the Court identifying several discovery disputes, (ECF No. 50), and filed their respective position letters regarding the disputes on November 18, 2024. (ECF Nos. 54, 56). These disputes included: (1) the completeness of Defendants' production as to certain emails and document types; (2) Defense counsel's instruction to a fact witness not to answer certain questions during a deposition; and (3) bifurcation of individual and class discovery. *Id.* The Court held a telephonic discovery conference with the parties on November 26, 2024, and issued a written Memorandum Opinion and Order addressing the disputes the following day. (ECF No. 60). In the November 27, 2024 Memorandum Opinion, the undersigned ordered additional briefing on the limited issue of bifurcation, directing Defendants to file their brief by December 16, 2024, and Plaintiff to file his Opposition by January 6, 2025. *Id.* The parties' briefing deadlines were thereafter extended by seven days, to December 23, 2024, and January 13, 2025, respectively. (ECF No. 67).

Also relevant to the current dispute is Judge Bennett's July 26, 2024 Order addressing a previous discovery issue raised by the parties. (ECF No. 36). Judge Bennett directed Defendants to produce "communications with Neil St. Lous/NSL Marketing, LLC and any other Indra sales agents who enrolled Maryland consumers with Defendants between April 1, 2021, and July 1, 2021." *Id.* Further, Judge Bennett ordered that Defendants produce a fact witness, Jonathan Cleckley, for a two-hour deposition. *Id.* As noted in the Court's November 27, 2024 Memorandum Opinion, based on the allegations of the Amended Complaint, it appears Judge Bennett concluded

this information was relevant to the issue of whether Defendants knew or had notice of the alleged practice of Defendants' sales agents of substituting telephone solicitations for in-person solicitations.

## II.  LEGAL STANDARD

"Whether to order bifurcation, during discovery or at trial, is an issue squarely within the broad discretion of the district court." *Singh v. Lenovo*, No. CCB-20-1082, 2021 WL 1516032, at *1 (D. Md. Apr. 16, 2021) (citing Fed. R. Civ. P. 42(b)). Courts consider four factors in determining whether bifurcation of liability and class discovery is appropriate:

> (1) [T]he overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at "an early practicable time," (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery.

*Id.* at *2 (citing 1 McLaughlin on Class Actions § 3:10 (17th ed. 2020)); *see also Akselrod v. MarketPro Homebuyers LLC*, CCB-20-2966, 2021 WL 100666, at *2 (D. Md. Jan. 11, 2021). Bifurcation of discovery is generally the exception rather than the rule. *Id.* at *1 (citing *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 WL 733393, at *1 (D.S.C. Feb. 24, 2021)).

In *Singh*, Judge Blake of this Court explained that following the United States Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, district courts have been "reluctant to bifurcate class-related discovery from discovery on the merits." *Id.* at *1 (first citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), then citing *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012); *Cardenas*, 2021 WL 733393 at *2 (citation omitted); *Hunichen v. Atonomi LLC*, No. C19-0615-RAJ-MAT, 2020 WL 5759782, at *1 (W.D. Wash. Sept. 28, 2020)). This reluctance stems from *Dukes*' directive that district courts engage in a "rigorous analysis" to determine class certification requirements, an analysis which often overlaps with the merits of the

individual plaintiff's underlying claims. *Id.* (quoting *Dukes*, 564 U.S. at 350-51) (citation omitted). Because the distinction between class certification and merits discovery is "murky at best and impossible to determine at worst," distinguishing between the two may raise "a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs," resulting in further litigation. *Id.* (quoting *Cardenas*, 2021 WL 733393 at *2 (citation omitted)).

### III.   ANALYSIS

Indra argues that good cause exists to bifurcate discovery because Plaintiff lacks factual support for his individual claims, and because Nock is the only named Plaintiff in this matter, whether he received calls from Indra or its agents "is a discrete, dispositive issue that will determine whether this action will proceed." (ECF No. 68 at 6). Indra further contends that there is little to no overlap between the discovery necessary to prove Plaintiff's claim and class discovery because "Plaintiff's claims lack any form of record support," and that bifurcation will still permit class certification to be determined "at an early practicable time" as required by the Federal Rules, given that Indra has proposed an "expeditious and streamlined five-month period to complete individual discovery and submit summary judgment briefs." *Id.* at 14. Finally, Indra submits that judicial economy is best served by bifurcation, as the parties will not be required to engage in class discovery unless Nock's individual claims survive dispositive motions, and that any prejudice resulting from the denial of bifurcation "will be substantially and exclusively experienced by Defendants, who have already gone to great lengths to attempt to satisfy Plaintiff's discovery demands." *Id.* Defendants additionally attach an order in a TCPA case brought by Nock and his counsel in the United States District Court for the Southern District of New York case (*Nock v. Spring Energy*, Case No. 1:23-cv-1042) where discovery was bifurcated. (ECF No. 68-1 at 2).

Plaintiff counters that he has produced call recordings reflecting calls to Nock and others,

4

and, as Defendants concede, one of these calls purportedly made to Nock mentions Indra. (ECF No. 70 at 6). Plaintiff additionally provides recordings of calls made to other consumers, ostensibly on behalf of Indra, and alleges these calls correspond to records of consumers enrolled with Indra. *Id.* Plaintiff further argues that bifurcation at this late stage in the litigation would compound prejudice to Nock from Indra's already-belated discovery responses and would thwart judicial economy. *Id.* at 14. Finally, Plaintiff asserts that it is impracticable to separate class and merits discovery in this matter because evidence of Indra's knowledge of the alleged scheme to disguise telemarketing as in-person solicitation is relevant to both Nock's individual claims and the claims of prospective class members. *Id.* at 14-15. Regarding the *Nock v. Spring Energy* order, Plaintiff responds that although the Southern District of New York initially bifurcated discovery, the parties jointly moved to terminate bifurcation two months later because "bifurcation [was] no longer tenable." *Id.* at 6; ECF No. 70-2 at 5.

Having considered the parties' arguments and the four factors identified in *Singh*, the Court concludes that bifurcation is not appropriate in this matter. Starting with the first factor, the undersigned agrees that evidence of notice to Indra of the alleged scheme to mask telemarketing enrollments as in-person solicitations could be relevant to Nock's individual claims and the claims of prospective class members.[3] Because individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation. *See Singh*, 2021 WL 1516032 at *3 ("The parties in this action have different ideas about what constitutes merits discovery and what constitutes class discovery. This

---

[3] As before, the undersigned is guided by Judge Bennett's July 26, 2024 decision, in that Judge Bennett already found that "communications" between Defendants' sales agents and Defendants regarding Maryland consumers who were enrolled with Indra is within the scope of discovery. (ECF No. 36).

confirms…that the line between the two is murky and that the court would be required to expend resources drawing those lines for the parties as disputes arise.").

With respect to the second factor, although Indra proposes a five-month schedule for individual discovery and dispositive motions briefing, this does not account for the time it takes the Court to decide those motions. Even if dispositive motions were decided within six months of this Order, well over one year would have passed from the date that this action was initiated in March 2024. (ECF No. 1). Permitting class and individual discovery to proceed simultaneously will best allow the Court to comply with Federal Rule of Civil Procedure 23's mandate that certification be decided at "an early practicable time" and is in the interests of judicial economy.

Turning to the final factor, prejudice, while the Court acknowledges that Indra may expend more resources in responding to discovery if bifurcation is denied, the undersigned is also concerned that Plaintiff's case will be prejudiced by further delay in this matter.[4] Further, as noted in Defendants' Memorandum of Law, Indra has already produced documents that it deems relevant primarily to class discovery, pursuant to Judge Bennett's July 26, 2024 Order. (ECF Nos. 36, 68 at 13). It seems the parties have engaged in concurrent individual and class discovery for close to eight months,[5] and it makes little sense to change course now. Accordingly, the Court will deny Defendants' Motion to Bifurcate Discovery.

---

[4] Defendants cite *Akselrod v. MarketPro Homebuyers LLC*, a TCPA case from this District in which Judge Blake bifurcated liability and class discovery and limited discovery to potentially dispositive issues. 2021 WL 100666 at *2. Judge Blake explained that bifurcation in *Akselrod* was appropriate because "[l]imited discovery ha[d] the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive." *Id.* However, the facts of *Akselrod* are distinguishable from the instant case, largely because of the different timelines between the two. The *Akselrod* defendant moved for bifurcation less than 20 days after filing its Answer, whereas Indra filed its Motion to Bifurcate Discovery four days before the discovery deadline. (ECF Nos. 36, 54). Additionally, Judge Blake noted that class certification could not be determined in *Axselrod* until a relevant Supreme Court case was decided. 2021 WL 100666 at *2.
[5] Plaintiff states he served discovery requests on Indra in May 2024. (ECF No. 70 at 14).

## IV. CONCLUSION

For the reasons stated, Defendants' Motion to Bifurcate Discovery (ECF No. 54) is DENIED. Accordingly, it is hereby ORDERED that:

1) Pursuant to the Court's November 27, 2024 Order, (ECF No. 60), Defendants shall produce all TPV.com data for all attempted and successful enrollments between April and July of 2021 within thirty (30) days of the entry of this Order; and

2) Pursuant to the Court's November 27, 2024 Order, (ECF No. 60), Defendants shall, within thirty (30) days of the entry of this Order, produce either (1) all recordings for quality assurance calls for door to door enrollment between April and July of 2021 or (2) recordings for quality assurance calls for door to door enrollment where the consumer indicated that the sales agents telephoned them rather than visited them in person between April and July of 2021;[6] and

3) Pursuant to Rule 26(g) of the Federal Rules of Civil Procedure, at least one attorney of record shall sign the production to certify that the production is complete to the best of the attorney's knowledge, information and belief formed after a reasonable inquiry.

IT IS SO ORDERED.

Date: January 15, 2024

                                                  /s/
                                          J. Mark Coulson
                                          United States Magistrate Judge

---

[6] As explained in the Court's November 27, 2024 Memorandum Opinion, it may be logistically easier for Defendants to produce all calls, rather than review them and identify which are responsive to Plaintiff's request. (ECF No. 60 at 4). Defendants may choose either option.