IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ROBERT NOCK,** *on behalf of himself and others similarly situated,* | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No. 24-cv-00662-RDB |
| | * | |
| **PALMCO ADMINISTRATION, LLC,** *et al.*, | * | |
| | * | |
| *Defendants.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER ADDRESSING THE PARTIES' MOTIONS TO SEAL (ECF NOS. 69, 71, & 74)

Plaintiff, Robert Nock, individually and on behalf of all others similarly situated, filed the present lawsuit against Defendants, PalmCo Administration, LLC, PalmCo Power MD, LLC, and PalmCo Energy MD, LLC, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* as well as the Maryland Telephone Consumer Protection Act, Md. Com. Law § 14-3201, *et seq.* (ECF No. 1). Currently before the Court is Defendants' Motion to Seal Defendants' Memorandum in Support of Motion to Bifurcate Discovery, (ECF No. 69), Plaintiff's Request to Lodge Exhibits Under Seal, (ECF No. 71), and Plaintiff's Amended Request to Lodge Exhibits Under Seal (ECF No. 74). The issues have been fully briefed and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Court shall DENY Defendants' Motion, (ECF No. 69), and GRANT Plaintiff's Amended Motion (ECF No. 74). Because Plaintiff's Amended Motion shall be granted, Plaintiff's earlier Motion, (ECF No. 71), shall be DENIED as moot.

**I.    LEGAL STANDARD**

A district court may only "seal documents if the public's right of access is outweighed by

competing interests," and "the 'presumption' in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1988)). Accordingly:

> Before a district court may seal any court documents…it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Id.* (first citing *Knight*, 743 F.2d at 235-36; then citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)). This procedure "*must* be followed when a district court seals judicial records or documents." *Id.* (emphasis added) (quoting *Stone*, 855 F.2d at 179-80, 182). A motion to seal must also comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. The Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials. Upon termination of the action, sealed materials will be disposed of in accordance with L.R. 113.

Loc. R. 105.11 (D. Md. 2023).

## II.    ANALYSIS

As an initial matter, the Court finds that the parties' filings comply with the Local Rules. The motions propose reasoning to support sealing and an explanation of why redaction is not sufficient protection. More than fourteen days have passed since the motions have been entered on the public docket, and no objections have been filed by any interested party. Thus, the Court may now issue its ruling consistent with Local Rule 105.11.

Defendants move to seal their Memorandum of Law in Support of Motion to Bifurcate

2

Discovery on the grounds that the brief inadvertently contains Plaintiff Robert Nock's complete landline and mobile telephone numbers. (ECF No. 69 at 2).[1] Defendants explain that Nock has designated this information as confidential, and, pursuant to the parties' Stipulated Protective Order, (ECF Nos. 41, 44), documents containing designated confidential materials must be filed under seal. (ECF No. 69 at 1). The undersigned has reviewed Defendants' memorandum and believes that Nock's personal information will be sufficiently shielded through redaction. The phone numbers appear only three times in the memorandum and may be easily redacted. Such redaction will prevent the disclosure of Nock's private telephone numbers, which could lead to privacy violations if exposed, while preserving the public's right of access to judicial records. Defendants' Motion to Seal will therefore be denied, and Defendants will be directed to file a version of the memorandum on the public docket with the last four digits of Nock's phone numbers redacted.

Turning next to Plaintiff's motions, Plaintiff seeks to lodge under seal certain exhibits attached to his opposition to Defendant's motion to bifurcate discovery. (ECF No. 74). Specifically, Plaintiff requests that the following exhibits be sealed: (1) Exhibit 7 to the Cleckley Deposition, which includes an Excel attachment containing records of consumers enrolled with Defendants, including consumers' names, addresses, and utility account numbers; (2) Nock's Xfinity call records, which contain numerous telephone numbers of third parties; (3) Neil St. Louis's (NSL) call recordings, which include discussions of third party names, addresses, utility account numbers, and telephone numbers; (4) Nock's Production Indexes, which contain the private telephone numbers of Nock and third parties; and (5) Nock's cellular telephone call records, which contain numerous telephone numbers of third parties. (ECF No. 74 at 1-3). Plaintiff

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

argues that each of these exhibits contains sensitive information, and that lodging the exhibits is necessary because the file formats (e.g., voluminous excel documents and mp3 files) cannot be submitted via ECF.

Based on an independent review of the referenced exhibits, the Court agrees that they contain identifying personal information of third parties which warrants sealing. Disclosure of this information could lead to privacy violations for individuals not involved in this lawsuit. Further, redacting portions of the documents will not provide sufficient protection because the records are almost entirely comprised of third-party phone numbers, addresses, and names (and, in the case of the mp3 files, traditional redaction is impracticable). *See Glisson v. Hooks*, No. 1:19-cv-00096-MOC, 2019 WL 2366470, at *3 (W.D.N.C. June 4, 2019) ("Redaction is not an appropriate alternative, as it likely would require blacking out most of the report."). The Court therefore concludes that the risk of public disclosure of such information outweighs the presumption of open access to court records and Plaintiff's Amended Request to Lodge Exhibits Under Seal will be granted.

### III.   CONCLUSION

Accordingly, it is this 29th day of January, 2025, by the United States District Court for the District of Maryland, ORDERED that:

1) Defendants' Motion to Seal Defendants' Memorandum in Support of Motion to Bifurcate Discovery (ECF No. 69) is DENIED; and

2) Defendants' Memorandum in Support of Motion to Bifurcate Discovery (ECF No. 68) shall remain sealed; and

3) Defendants shall, within seven (7) days of the entry of this Order, file a redacted version of ECF No. 68 on the public docket; and

4) Plaintiff's Amended Request to Lodge Exhibits Under Seal (ECF No. 74) is GRANTED;

and

5) Plaintiff's Request to Lodge Exhibits Under Seal (ECF No. 71) is DENIED as moot.

IT IS SO ORDERED.

                                                  /s/
                                       J. Mark Coulson
                                       United States Magistrate Judge