**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P: (410) 962-4953 | F: (410) 962-2985
mdd_jmcchambers@mdd.uscourts.gov

March 10, 2025

LETTER ORDER AND OPINION TO COUNSEL

RE:   *Nock v. PalmCo Administration, LLC et al.*
      Civil No. 1:24-cv-00662-JMC

Dear Counsel:

Plaintiff, Robert Nock, individually and behalf of all others similarly situated, brought this case against Defendants, PalmCo Administration, LLC d/b/a Indra Energy, and PalmCo Power MD, LLC d/b/a Indra Energy, and PalmCo Energy MD, LLC d/b/a Indra Energy (collectively, "Indra" or "Defendants") alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and the Maryland Telephone Consumer Protection Act, Md. Com. Law § 14-3201, *et seq.* (ECF No. 28). Currently before the Court are three discovery disputes concerning: (1) Nock's interrogatories to Indra requesting information relating to complaints about its marketing practices; (2) Indra's production of TPV.com data for attempted and successful enrollments between April and July 2021, which was previously ordered by this Court in January 2025; and (3) Indra's supplemental production and certification of responsive documents, also ordered by this Court in January 2025. (ECF No. 60; ECF No. 75). The Court has considered the parties' letters summarizing their respective positions filed on March 5, 2025. (ECF Nos. 82, 83). The issues have been fully briefed and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2022). For the reasons set forth below, the Court shall GRANT in part and DENY in part the requested relief.

## I.    Background

This matter was referred to the undersigned for discovery and all related scheduling by U.S. District Judge Richard Bennett on November 7, 2024. (ECF No. 49). On November 13, 2024, the parties filed a joint letter with the Court seeking resolution of several discovery disputes, which included: (1) bifurcation of class and individual discovery; (2) the completeness of Indra's document production; and (3) Indra's instruction to a deponent not to answer certain questions. (ECF No. 50). The Court considered the parties' respective position letters submitted thereafter, and held a telephonic discovery conference with the parties on November 26, 2024. The next day, on November 27, 2024, the Court docketed a Memorandum Opinion ordering additional briefing on the issue of bifurcation, and stating that within thirty (30) days from the date that the bifurcation issue was decided, Indra would be ordered to produce all TPV.com data for all attempted and successful enrollments between April and July 2021, as well as recordings for quality assurance calls for door to door enrollment for the same time period. (ECF No. 60 at 4). The Court further ordered Indra to supplement its prior production with any additional responsive documents that were not previously produced, or indicate that no further responsive documents have been located. *Id.* Indra was additionally reminded of its obligation under Federal Rule of Civil Procedure 26(g)

1

to have at least one attorney of record sign the production, which certifies that the production is complete to the best of the attorney's knowledge, information, and belief formed after a reasonable inquiry. *Id.* at 4-5; Fed. R. Civ. P. 26(g). On January 15, 2025, this Court denied Defendants' Motion to Bifurcate Discovery, and, consistent with the November 27, 2024 Memorandum Opinion, ordered that Defendants produce the documents set forth therein within thirty (30) days. (ECF No. 75).

Also pertinent to the present dispute is Judge Bennett's July 26, 2024 Order addressing discovery issues raised by the parties. (ECF No. 36). In that Order, Judge Bennett directed that Defendants produce "communications with Neil St. Louis/NSL Marketing, LLC and any other Indra sales agents who enrolled Maryland consumers with Defendants between April 1, 2021, and July 1, 2021." *Id.* The undersigned noted that, "[b]ased on the allegations of the amended complaint, it appears that Judge Bennett concluded this information was relevant to the issue of whether Defendants knew or were on notice of the alleged practice of Defendants' sales agents to substitute telephone solicitation at the time of the named Plaintiff's alleged telephone solicitations." (ECF No. 60 at 2).

The parties first raised the currently pending discovery issues in a February 26, 2025, letter to the Court pursuant to the discovery dispute process outlined in the Court's Memorandum to Counsel. (ECF No. 80). They have since each submitted letters to the Court outlining their respective positions. (ECF No. 82; ECF No. 83). The parties indicate that they have conferred on these disputes on several occasions but have been unable to resolve the following matters. *Id.*

## II.    Analysis

### A.  *Interrogatories 7 and 8*

Interrogatory No. 7 requests that Indra provide information for all complaints "regarding Indra's marketing practices during the class period" and specifically seeks that Indra state "(i) the person making the complaint, (ii) the time, (iii) the date, (iv) the location, (v) the nature of the alleged events, (vi), every sales agent involved in the alleged event (including every sales agent which employed [the] sales agent directly involved in the alleged events), and (vii) the sales agents' marketing channel (including telemarketing, door-to-door sales, and retail) at the time of the complaint." (ECF No. 82 at 1; ECF No. 83 at 3). Interrogatory No. 8 seeks information about every payment Indra made to settle or mitigate such complaints, specifically, "(i) the person making the complaint, (ii) the time, (iii) the date, (iv) the location, (v) the nature of the alleged events, (vi), every sales agent involved in the alleged event (including every sales agent  which employed [the] sales agent directly involved in the alleged events), (vii) the sales agents' marketing channel (including telemarketing, door-to-door sales, and retail) at the time of the complaint, (viii) who made the payment, and (ix) which Indra employees, officers, or managers approved the payment." (ECF No. 82 at 2; ECF No. 83 at 3).

Indra objects on the basis that the interrogatories are overly broad and outside the scope of discovery because they seek information that is not relevant to any party's claim or defense, and are not proportional to the needs of the case. (ECF No. 82 at 1). Indra contends that Plaintiff's

action is premised on alleged "do not call" telemarketing violations in Maryland under state and federal law, and does not involve any complaint to Indra regarding its marketing practices or payments made to settle such complaints. *Id.* at 1-2. Indra further notes that Plaintiff provides no definition for the phrase "complaint regarding Indra's marketing practices." *Id.* Plaintiff responds that he has identified evidence in this case involving "efforts to disguise telemarketing as door-to-door sales" and that discovery of complaints which indicate similarly disguised telemarketing are relevant to establishing Indra's state of mind. (ECF No. 83 at 3-4).

Federal Rule of Civil Procedure 26(b)(1) provides that:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The Court agrees that both interrogatories seek information that is relevant to proving whether Indra knew or should have known that disguised telemarketing was taking place, which may pertain to Indra's liability and is certainly not outside the scope of discovery. *See United Oil Co., Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 411 (D. Md. 2005) (permitting discovery of information as to other claims, complaints, and lawsuits as probative of what the defendant "knew or should have known"). The Court notes that its past opinions, as well as Judge Bennett's July 2024 Order, have consistently indicated that information regarding Defendants' notice of allegedly disguised telemarketing is relevant and discoverable. (ECF No. 36; ECF No. 60 at 2).

However, as currently phrased, the interrogatories also seek information which is likely *not* relevant or proportional to the needs of the case, and which could unreasonably burden Indra. Indra may receive marketing practice complaints on issues completely unrelated to the subject matter of this case. Accordingly, the Court will define "complaints" for the purposes of Interrogatories 7 and 8 as complaints based on efforts to disguise telemarketing as door-to-door sales. Indra's answers to Interrogatories 7 and 8 are due within thirty (30) days of the entry of this Order.

### B. Indra's Production of TPV.com Data

As stated, this Court previously ordered Indra to "produce all TPV.com data for all attempted and successful enrollments between April and July of 2021," and certify that the production is complete in accordance with Federal Rule 26(g). (ECF No. 75 at 7). Nock contends that Indra has produced two incomplete versions of the data. (ECF No. 83 at 1). The first production, produced on February 14, 2025 via a csv spreadsheet, lacked GPS data for the service address, sales agent, and customer location, IP addresses for customers and sales agents during

enrollment, and a disposition code explaining why an attempted enrollment did not result in a sale. *Id.* Nock communicated these deficiencies to Indra, which then relayed the issues to TPV.com and produced a second data csv file on February 25, 2025. *Id.* The second production included some of the missing data, but also reflected 67 fewer enrollments than the first production. *Id.*

Indra maintains that it has sought the requested information from TPV.com in good faith, despite no longer using TPV.com as a vendor, and has done its best to facilitate the production in compliance with the Court's Order. Indra suggests that Plaintiff subpoena TPV.com, which Plaintiff reportedly has done. Plaintiff notes that enforcement of the subpoena against TPV.com would require intervention by a court outside this jurisdiction, and requests access to Indra's TPV.com account. Based on the record before the Court it appears that Indra has made reasonable efforts to obtain the requested information. Still, in the interests of efficiency, the Court will order Indra to make one additional request to TPV.com for the enrollment data. The request should be made in writing (email is sufficient), and ask that TPV.com generate a single spreadsheet for all attempted and successful enrollments between April 1 and July 1 of 2021, to include each of the missing categories of information identified in Plaintiff's letter, as well as identify the issue of the 67 missing enrollments. Indra should timely forward the email to Plaintiff once it is sent.

### C. *Indra's Supplemental Production and Certification*

Judge Bennett first ordered Indra to produce "communications with [NSL] and any other Indra sales agents who enrolled Maryland consumers with Defendants between April 1 and July 1, 2021" in July 2024. (ECF No. 36). In response to Nock's contentions that the production remained incomplete in November 2024, this Court ordered Indra to search again for responsive documents, supplement its production accordingly, and provide a Rule 26(g) certification that the production is complete. (ECF No. 75 at 7). The Court's Order was issued on January 15, 2025, and provided Indra thirty (30) days to comply. Thus, the supplemental production and certification were due on February 14, 2025.

Indra represents that it has "undertaken further efforts to re-investigate whether the prior investigation, review, and production represents all documents responsive to the Court's order," but that "[i]n the middle of that effort, a few of the key persons assisting outside counsel with those efforts departed from their employment with Defendants." (ECF No. 82 at 3). Indra states it is continuing to work with new persons to confirm whether any additional documents exist and will provide them as soon as possible, along with the certification. *Id.* Plaintiff has identified at least nineteen emails that are missing from the production, and additionally notes missing certain underlying predecessor emails which results in missing email attachments. (ECF No. 83 at 2-3). Plaintiff is, of course, entitled to receive the full email chains which were first ordered to be produced in July 2024. The Court is also mindful that this a human process and circumstances sometimes arise which cause delays in production, including personnel changes. With that in mind, the Court will extend the deadline for Indra to supplement and certify its production to thirty (30) days from the date of this Order. The Court will only consider further extension of this deadline

for exceptional circumstances, and if such circumstances arise, Indra should timely inform the Court and seek an extension before the deadline's expiration. Additionally, should Plaintiff identify further deficiencies in Indra's supplemental production of the relevant emails, the Court will consider arguments regarding whether an independent third party need be appointed to ensure that the production is complete.

For the foregoing reasons, Defendants shall, within thirty (30) days of the entry of this order:  (1) serve answers to Interrogatories 7 and 8 on Plaintiff; (2) email TPV.com for the full enrollment data and forward the email to Plaintiff; (3) produce the spreadsheet provided by TPV.com to Plaintiff; and (4) supplement and certify its production of communications with NSL and other Indra sales agents who enrolled Maryland consumers with Defendants between April 1 and July 1, 2021.

Additionally, the Court has reviewed the Proposed Case Management Order filed by the parties on March 10, 2025, but believes that it is premature to set a schedule until Defendants have complied with this Order. Accordingly, the parties are directed to file a joint report on the status of discovery within forty (40) days of the entry of this Order, to include a proposed case management schedule.

Notwithstanding its informal nature, this letter constitutes an order of the Court and should be docketed as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge