

Ryan Watstein<br>
Ryan@wtlaw.com<br>
404-782-0695

August 1, 2025

*VIA ECF*
The Honorable J. Mark Coulson
United States Courthouse, Northern Division
101 West Lombard Street, Chambers 8D
Baltimore, Maryland 21201

      **Re:**   *Nock v. PalmCo Administration, LLC, et al.*, **No. 1:24-CV-662-RDB-JMC**

To the Honorable J. Mark Coulson:

      Our firm represents Defendants PalmCo Administration, LLC, PalmCo Power MD, LLC, and PalmCo Energy MD, LLC (together, "Defendants" or "Indra") in the matter referenced above. We write to clarify the record concerning Indra's production of TPV.com data and correct a statement Indra's prior counsel made based on a good-faith misunderstanding and after a reasonable inquiry.[1] Specifically, prior counsel stated (at ECF No. 82) that Indra obtained Indra TPV.com data from TPV.com representatives in early 2025. Additional investigation revealed that Indra employees can themselves obtain that information directly from TPV.com's online portal. As explained below, the prior statement was incorrect but immaterial as to Indra's compliance with the Court's orders because Indra produced all responsive TPV.com data in its possession and worked in good faith to help Plaintiff obtain an additional version of that data directly from TPV.com. Indra files this letter solely to correct the previous statement since it appeared in a Court filing.

      As further background and explanation, on January 15, 2025, the Court ordered the Defendants to "produce all TPV.com data for all attempted and successful enrollments between April and July of 2021 within thirty (30) days." ECF No. 75 at 7. Indra employees then accessed Indra's TPV.com data on TPV.com's online portal and downloaded the responsive data. On February 14, 2025, Indra produced two spreadsheets of that data: one with attempted enrollment data, and the other with successful enrollment data. Plaintiff soon requested additional attempted and successful enrollment data combined in a single spreadsheet. Indra employees then downloaded that additional data from the TPV.com portal and, per Plaintiff's request, combined attempted and successful enrollment data in a single spreadsheet. After Indra produced that spreadsheet on February 25, 2025, Plaintiff requested all categories of responsive data combined in a single spreadsheet. Indra told Plaintiff that it could not provide that: only TPV.com itself could. Indra then corresponded with TPV.com's parent company, AnswerNet, in a good-faith attempt to obtain such a combined spreadsheet for Plaintiff.

---

[1] Prior counsel's May 20, 2025, motion to withdraw (ECF No. 106) remains pending.

**Atlanta**
75 14th Street NE, Ste. 2600
Atlanta, GA 30309

**Los Angeles**
515 S. Flower Street, 19th Floor
Los Angeles, CA 90071

**Miami**
218 NW 24th Street, 3rd Floor
Miami, FL 33127

 www.wtlaw.com     Ryan@wtlaw.com     404-782-0695

On March 5, 2025, Indra's prior counsel filed correspondence with the Court describing the status of discovery, including Indra's production of TPV.com data. ECF No. 82 at 1–2. They confirmed that Indra had produced all responsive TPV.com data and sought to facilitate another production of the data from AnswerNet in a single, combined spreadsheet. Based on a reasonable inquiry, Indra's prior counsel indicated that Indra's ability to produce the TPV.com data was contingent on responses Indra received from AnswerNet. We later learned that a more accurate statement would have been: Indra had produced all responsive TPV.com data, but Indra's ability to produce that data *in Plaintiff's preferred format* was contingent on responses Indra received from AnswerNet.

Per the Court's March 10, 2025, order (ECF No. 86), Indra again requested a combined version of the data from AnswerNet. In the context of that request, additional investigation in April 2025 revealed that Indra could access its data through TPV.com's online portal. AnswerNet responded to Indra's request on May 1, 2025, and attached a spreadsheet of Indra's TPV.com data. Indra forwarded it to Plaintiff's counsel minutes later. During the parties' meet-and-confer later that same day (the first that included current counsel), Indra's prior counsel clarified their earlier misunderstanding and explained how Indra had obtained the data it produced to Plaintiff's counsel. They also reaffirmed that Indra (and AnswerNet) had already produced all responsive TPV.com data. *See* ECF No. 89 (joint correspondence describing May 1, 2025 meet-and-confer, incorrectly noted as April 15, 2025).

To summarize: Indra produced all TPV.com data in its possession or control in February 2025. It satisfied the Court's March 10 order when it requested an additional version of that data from AnswerNet and subsequently forwarded AnswerNet's response to Plaintiff. And even though the Court's order didn't require Indra to do so, over the following months Indra continued to work to obtain a further version of the same data from TPV.com in Plaintiff's preferred format. Thus, while Indra files this notice to correct an immaterial and unintentional misstatement that its prior counsel corrected and explained to Plaintiff's counsel on May 1, 2025, that misstatement does not affect Indra's compliance with this Court's orders.

Respectfully Submitted,

*/s/ Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)
James M. Ruley (Bar No. 1712140150)
Logan R. Leonard (*pro hac vice*)
WATSTEIN TEREPKA LLP
75 14th Street NE, Ste. 2600
Atlanta, Georgia 30309
Tel.: (404) 782-0695
ryan@wtlaw.com
jruley@wtlaw.com
lleonard@wtlaw.com

*Attorneys for Defendants.*