IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT NOCK, *an individual, on behalf of himself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>PALMCO ADMINISTRATION, LLC, d/b/a Indra Energy, PALMCO POWER MD, LLC, d/b/a Indra Power, PALMCO ENERGY MD, LLC<br><br>*Defendants*. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*      Civil Action No. RDB-24-662 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This putative consumer-protection class action concerns unsolicited spam telemarketing calls allegedly made by or on behalf of Defendant energy companies, PalmCo Administration, LLC, d/b/a Indra Energy, and PalmCo Power MD, LLC, d/b/a Indra Power (collectively, the "Indra Defendants"). Plaintiff and putative class representative Robert Nock alleges that the Indra Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and corresponding Maryland law, Md. Code Ann., Com. Law §§ 14-301 to 14-302 (West 2025). Now pending is Nock's Motion to Consolidate this case with *Nock v. Spring Energy RRH, LLC, et al.* (RDB-25-2809) under Federal Rule of Civil Procedure 42(a).[1] (ECF No. 107.) This Court's jurisdiction lies in 28 U.S.C. § 1331 and § 1367.[2] The Court has

---

[1] Nock cross-filed a similar motion to consolidate in *Spring Energy*. *See* (RDB-25-2809 ECF No. 250.)

[2] This Court has federal question jurisdiction under 28 U.S.C. § 1331 for Nock's TCPA claims as they plainly arise under federal law. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377

reviewed the parties' submissions. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, this Court DENIES Nock's Motion to Consolidate (ECF No. 107).[3]

## BACKGROUND

As this Court has previously noted, "[t]he core factual allegation in *Spring Energy* [and this case] relates to deceptive telemarking calls." *Savada v. RRH Energy Servs., LLC*, --- F. Supp. 3d ---, ---, RDB-25-1156, 2025 WL 3018773, at *2 (D. Md. Oct. 29, 2025). In each case, Nock, a Maryland citizen, alleges that the defendants, energy companies licensed to do business in Maryland, contracted to have a call center in Pakistan conduct telemarketing campaigns on behalf of each set of defendants. (ECF No. 119 at 3–4.) He claims that each set of defendants used the same call center within one week of each other in 2021. (*Id.* at 3.) Specifically, Nock alleges that the *Spring Energy* defendants hired said call center for a period of March 29, 2021 to May 11, 2021, while the Indra Defendants hired the same center from May 17, 2021, to June 13, 2021. (*Id.* at 3–4.) In each case, Nock alleges that he and the other putative class members received unsolicited and deceptive marketing telephone calls in violation of the TCPA and corresponding Maryland law. *Savada*, 2025 WL 3018773, at *2. All the necessary background remaining is procedural.

---

(2012) (citing *Am. Well Works Co v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Nock's Maryland law claims, which "are so related" to the TCPA claims that "they form part of the same case or controversy."

[3] Unless otherwise noted, parenthetical citations to the docket in this Opinion are citations to filings in this case, RDB-24-662. Where the Court cites to a docket entry in *Spring Energy*, the docket citation includes that case number, RDB-25-2809.

2

**I.      Procedural History**

This case has concerned, at different times, three essentially identical cases: (1) *Nock v. Spring Energy* (RDB-25-2809); (2) this case; and (3) *Savada v. RRH Energy Services, LLC* (RDB-25-1156).

   a. *Spring Energy* **(RDB-25-2809)**

On February 8, 2023, Nock sued Spring Energy RRH, LLC; RRH Energy Services, LLC; and Richmond Road Holdings, LLC, a family of energy companies licensed to do business in Maryland, alleging violations of the Telephone Consumer Protection Act and its Maryland counterpart (hereinafter, "*Spring Energy*"). Nock brought his claims in the United States District Court for the Southern District of New York. (RDB-25-2809 ECF No. 1.) Fact discovery closed in that case on November 15, 2024, twenty-one months after filing. (RDB-25-2809 ECF No. 264 at 2.) On February 5, 2025, almost exactly two years after Nock sued, the *Spring Energy* defendants moved for summary judgment. (RDB-25-2809 ECF No. 219.) That motion has been fully briefed since May 7, 2025. (RDB-25-2809 ECF No. 245.)

   b. **This Case (RDB-24-662)**

On March 5, 2024, more than a year after Nock filed *Spring Energy*, he filed this parallel case against the Indra Defendants, a different set of energy companies licensed to do business in Maryland. *See generally* (ECF No. 1). He again alleged violations of the TCPA and corresponding Maryland law. (*Id.*) For the past year-and-a-half, the parties have litigated multiple discovery motions and a motion to dismiss.[4] On June 10, 2024, after the Indra

---

[4] *See, e.g.*, (ECF No. 20 (Indra Defendants' Motion to Dismiss); ECF No. 54 (Indra Defendants' Motion to Bifurcate Discovery)).

3

Defendants filed their motion to dismiss (ECF No. 20), Nock filed the operative Amended Complaint. *See* (ECF No. 28). All three Indra Defendants answered the Amended Complaint. *See* (ECF Nos. 31, 32). On January 15, 2025, Magistrate Judge Coulson issued a Memorandum Opinion and Order denying the Indra Defendants' Motion to Bifurcate Discovery. (ECF No. 75.) On February 24, 2025, this Court denied the Indra Defendants' Moton to Dismiss as mooted by their answers to the Amended Complaint. (ECF No. 76.) As such, since February 25, 2025, the parties have been engaged in discovery. (ECF No. 77.) Most recently, on August 6, 2025, Judge Coulson issued a Paperless Order instructing the parties that he would defer ruling on the parties' most recent discovery disputes until after this Court ruled on consolidation. (ECF No. 131.)

    c. *Savada* **(RDB-25-1156)**

If this procedural history sounds familiar, it is because on October 29, 2025, this Court dismissed a third, related case under the first-to-file rule. *See Savada v. RRH Energy Servs., LLC*, --- F. Supp. 3d ---, ---, RDB-25-1156, 2025 WL 3018773, at *1 (D. Md. Oct. 29, 2025). There, on April 7, 2025, the plaintiff and putative class representative, Elias Savada, sued *all* of the defendants from *Spring Energy*, plus certain corporate officers and a parent company, in addition to *all* of the Indra Defendants. *Id.* Savada was represented in that case by the same attorney that represents Nock in this case and in *Spring Energy. Id.* at *4. Additionally, Savada qualifies as an unnamed member of the putative plaintiff class in both this case and *Spring Energy. Id.* Savada filed suit in this Court two months after the *Spring Energy* defendants moved for summary judgment. *Id.* at *2. In fact, Nock and Savada's attorney "expressly acknowledge[d] bringing [the *Savada* case] in response to the [*Spring Energy* defendants']

4

summary judgment motion." *Nock v. Spring Energy RRH, LLC*, 23-CV-1042, 2025 WL 2046196, at *2 (S.D.N.Y. July 22, 2025) (citing (RDB-25-2809 ECF No. 250-2 ¶¶ 5–7)). The defendants there moved for dismissal under the first-to-file rule on June 20, 2025. *Savada*, 2025 WL 3018773, at *1. As this Court noted in its dismissal, his suit was "simply duplicative of *Spring Energy* and [this case]" as he had alleged the same violations of the same two laws. *Id.*

### d. Nock's Motion to Consolidate (ECF No. 107) and Parallel Motion to Transfer and Consolidate in *Spring Energy* (RDB-25-2809 ECF No. 250)

On May 9, 2025, just two days after the *Spring Energy* defendants filed their reply brief to their motion for summary judgment (RDB-25-2809 ECF No. 245), Nock moved to consolidate all three cases in this Court. (ECF No. 107.) At the time, *Spring Energy* was pending in the Southern District for New York and was fully briefed for summary judgment. This case had been pending for more than a year, and the parties were engaged in discovery after this Court denied the Indra Defendants' motion to dismiss. (ECF No. 78.) *Savada* had been filed only one month prior.

Given that *Spring Energy* was pending in another federal court, Nock styled his motion there as a motion to transfer that case to this Court and, once transferred, to be consolidated with *Savada* and this case. (RDB-25-2809 ECF No. 250 at 7.) He briefed the merits of both transfer and consolidation. *See generally* (*id.*).[5] On July 22, 2025, Judge Lehrburger issued a Decision and Order transferring *Spring Energy* to this Court. *See Nock*, 2025 WL 2046196, at *1; (RDB-25-2809 ECF No. 264). As noted above, on October 29, 2025, this Court dismissed

---

[5] Counsel for the Indra Defendants, though not parties to *Spring Energy*, wrote a letter to Judge Lehrburger opposing consolidation. (RDB-25-2809 ECF No. 259.)

*Savada* under the first-to-file rule. *See Savada*, 2025 WL 3018773, at *1. Therefore, this Court reviews Nock's Motion to Consolidate (ECF No. 107) as seeking consolidation of this case and *Spring Energy*. This matter is ripe for review.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 42(a) governs the consolidation of cases. It provides: "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The United States Court of Appeals for the Fourth Circuit has explained that:

> The critical question for the district court in the final analysis [is] whether the specific risks of prejudice and possible confusion [a]re overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982), *rev'd on other grounds*, 712 F.2d 899 (4th Cir. 1983) (en banc) (citing Fed. R. Civ. P. 42(a); 9A Wright & Miller's Federal Practice & Procedure § 2383); *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (applying the *Arnold* factors). This Court treats the *Arnold* analysis as containing three main factors: (1) whether the cases share common questions of law and fact such that consolidation *would* be possible under Rule 42(a); (2) whether consolidation would further judicial economy and convenience; and (3) whether consolidation would prejudice the parties. *See, e.g., Laughlin v. Biomet Inc.*, ELH-14-1645, 2020 WL 1307397, at *6–9 (D. Md. Mar. 18, 2020); *Harris v. Biomet Orthopedics, LLC*, ELH-18-3924, 2019 WL 6117358, at *6–9 (D. Md. Nov. 18, 2019); *CSX*

*Transp., Inc. v. Alban Waste, LLC*, JKB-13-1770, 2014 WL 1340041, at *2 (Apr. 2, 2014). As the Supreme Court of the United States recently stated, "[d]istrict courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018) (citing 9A Wright & Miller's Federal Practice & Procedure § 2383).

## ANALYSIS

Nock moves to consolidate this case (RDB-24-662) with *Spring Energy* (RDB-25-2809). This Court applies the three-factor consolidation analysis, beginning with whether the cases share common questions of law and fact such that Rule 42(a), read strictly, would allow consolidation. *See Laughlin*, 2020 WL 1307397, at *6–7. These cases arguably share common questions of law and fact: each case alleges that the relevant defendants hired the same call center in Pakistan to conduct a telemarketing campaign on their behalf. (ECF No. 116 at 3–4.) Each case further alleges that the relevant telemarketing campaign resulted in Nock and others in the putative plaintiff class to receive deceptive, unsolicited calls in violation of the TCPA and its Maryland corollary. (ECF No. 107 at 2 (setting out the allegations in each case).) Additionally, though each set of defendants is a family of energy companies licensed to do business in Maryland, it is undisputed that the defendants in *Spring Energy* are distinct from the Indra Defendants. *See* (ECF No. 116 at 12).

As relevant here, the Indra Defendants argue that there are not common questions of fact and law permitting consolidation because the alleged telemarketing campaigns did not overlap in time and the companies are distinct. (*Id.*) Nock contends that these are same questions of fact and law because, he alleges, the two sets of defendants "used the same call center a few days apart." (ECF No. 119 at 3.) Specifically, he contends that the *Spring Energy*

7

defendants used a call center to conduct a telemarketing campaign from March 29, 2021, to May 11, 2021, and that the Indra Defendants used the same call center from May 17, 2021, to June 13, 2021. (*Id.* at 3–4.) The Court need not decide whether Rule 42(a) would permit consolidation, however, because, in any event, aggregating these cases would run very much afoul of the spirit of Rule 42(a). That Rule seeks to further fairness to parties and judicial economy. *See Campbell*, 882 F.3d at 76 (explaining the purposes of Rule 42(a)). Neither of those goals would be advanced here.

This Court regularly denies consolidation when cases are at quite different stages of litigation. *See Miranda v. Homefix Custom Remodeling Corp.*, TDC-22-3190, 2023 WL 5959828, at *3 (D. Md. Sept. 13, 2023); *CSX Transp.*, 2014 WL 1340041, at *2. In *Miranda*, Judge Chuang of this Court considered a motion to consolidate two cases involving very similar facts to these. *Miranda*, 2023 WL 5959828, at *1. There, two separate plaintiffs filed putative class actions under the Telephone Consumer Protection Act and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 (2025), alleging that the same defendant, Homefix Custom Remodeling Corporation, was making unsolicited telemarketing calls to the plaintiffs. *Id.* The plaintiffs sought consolidation. *Id.* at *3. The Court found that consolidation was inappropriate because discovery in one case had progressed significantly while in the other it had yet to begin. *Id.* Judge Chuang explained that consolidating the cases would increase the chance of delay in both, but especially the case that had progressed further. *Id.* Likewise, in *CSX Transportation*, Judge Bredar of this Court declined to consolidate cases when one case was close to the end of discovery and, in the other, the suit had not yet been served on all the defendants. 2014 WL 1340041, at *2.

The same reasoning applies here. These cases are many months, if not years, apart in their progress. In *Spring Energy*, the parties had concluded fact discovery by November 15, 2024 (RDB-25-2809 ECF No. 264 at 2). The *Spring Energy* defendants moved for summary judgment on February 5, 2025 (RDB-25-2809 ECF No. 219), and that motion has been fully briefed since May 7, 2025 (RDB-25-2809 ECF No. 245). In this case, the parties are still in discovery, with discovery disputes currently pending in front of Judge Coulson.[6] Finishing discovery in this case could take the better part of a year, if not longer. By the time the Indra Defendants move for and fully brief summary judgment, which they have indicated an intent to do, *see* (ECF No. 116 at 3), a full year or more might pass. If the Court consolidates these cases, that could result in the *Spring Energy* defendants waiting another year or more for a decision on summary judgment. Considering that they have already waited seven months for such a decision, consolidation would mean unnecessary delay and cost to those defendants. *See Miranda*, 2023 WL 5959828, at *3 (quoting Fed. R. Civ. P. 42(a)(3)).

Though Nock, the plaintiff in each of these two cases, would willingly bear the burden of any possible delay resulting from consolidation, such a delay would not be fair to the *Spring Energy* defendants, nor would it further judicial economy. In sum, Nock's motion to consolidate must fail because it is inconsistent with Rule 42(a)'s purposes of judicial efficiency and fairness.

---

[6] Indeed, Judge Coulson, the Magistrate Judge to whom this case is referred for discovery, entered an Order on August 6, 2025, notifying the parties that he would "defer any discovery rulings until [this motion to consolidate] is resolved." (ECF No. 131.)

## CONCLUSION

For the reasons stated above, the Court DENIES Nock's Motion to Consolidate (ECF No. 107).

A separate Order follows.

Date: December 17, 2025                                   /s/
                                                          Richard D. Bennett
                                                          United States Senior District Judge