**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P: (410) 962-4953 | F: (410) 962-2985
mdd_jmcchambers@mdd.uscourts.gov

February 6, 2026

LETTER ORDER AND OPINION TO COUNSEL

RE: *Nock v. PalmCo Administration, LLC et al.*
    Civil No. 1:24-cv-00662-JMC

Dear Counsel:

Plaintiff, Robert Nock, individually and on behalf of all others similarly situated, brought this case against Defendants, PalmCo Administration, LLC d/b/a Indra Energy, PalmCo Power MD, LLC d/b/a Indra Energy, and PalmCo Energy MD, LLC d/b/a Indra Energy (collectively, "Indra" or "Defendants") alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Maryland Telephone Consumer Protection Act, Md. Com. Law § 14-3201, *et seq.* (ECF No. 28). Currently before the Court is another series of disputes involving various discovery requests that primarily concern Indra's Do-Not-Call policies and related documents. .

The issues have been fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Plaintiff's requested relief is GRANTED in part and DENIED in part.

I. **Background**

The instant litigation is well underway, and the parties have had numerous discovery disputes requiring Court intervention. This matter was referred to the undersigned for discovery and all related scheduling by U.S. District Judge Richard Bennett on November 7, 2024. (ECF No. 49). The undersigned addressed various disputes in orders dated November 11, 2024, January 15, 2025, and March 10, 2025. (ECF Nos. 60, 75, and 86). On August 6, 2025, the undersigned issued an Order deferring any further discovery rulings until the Plaintiff's motion to consolidate had been resolved. (ECF No. 131). Judge Bennett denied Plaintiff's motion to consolidate on December 17, 2025. Thereafter, the undersigned directed the parties to propose a schedule for remaining discovery and related deadlines and to file a joint status report on January 7, 2026. (ECF No. 138). The parties did so in a joint status report dated January 21, 2026, and alerted the Court of a discovery dispute shortly thereafter. (ECF No. 139). The Court issued a letter Order and Opinion on February 2, 2026, that denied the requested relief to the extent it related *Abramson v. PalmCo PA LLC*, 19-cv-1675-MJH (W.D.Pa 2019), but granted the relief regarding the 2019 email and related request for admission. (ECF No. 145) (Docketed on February 3, 2026).

The day after the Order and Opinion was docketed, on February 4, 2026, the parties alerted the court to another discovery dispute in a joint correspondence. (ECF No. 147, 148). They have since each submitted letters to the Court outlining their respective positions. (ECF Nos. 149, 150).

1

The parties indicate that they have conferred on these disputes on several occasions but have been unable to resolve the following matters. *Id.*

## II.     Analysis

### A.     Request for Production No. 9 – Do-Not-Call Policies and Lists

Plaintiff seeks documents concerning Indra's do-not-call list (the "DNC List" or "INDC List"), which seeks "[a]ll documents concerning Indra's "Do-Not-Call policy during the class period, including (but not limited to) all copies and/or versions of any Do-Not-Call list (including both National Do-Not-Call lists and internal Do-Not-Call lists), including all requests to be placed on any Do-Not-Call list, all documents sufficient to determine when particular telephone numbers were added to such Do-Not-Call lists, documents sufficient to identify all parties responsible for adding such telephone numbers to such Do-Not-Call list" (ECF No. 150-1 at 28-28).

Indra responded with several objections related to the temporal limitation of the class period, as a class had not yet been established at that time. *Id.* at 28. Indra further objected on the basis that the request was vague, ambiguous, and overly broad because the request did not have any geographic limitations. *Id.* In its position statement, Indra noted that its telesales representatives use its DNC List "to ensure they don't place unwanted calls. But this case is about alleged calls by a subcontractor of a door-to-door sales vendor, not one of Indra's telesales vendors. Indra's door-to-door sales vendors are entirely separate from telesales, are not permitted to make phone calls at all, and therefore obviously do not scrub against an IDNC list. They don't even have access to it." On those grounds, Indra did not produce the requested information.

Plaintiff asserts he is entitled to investigate these records because Indra waived its objections by failing to respond in thirty days. On this issue, the Court notes that it has its own duty, pursuant to Rule 1 of the Federal Rules of Civil Procedure to construe and administer the rules "to secure the just, speedy and inexpensive determination of every action and proceeding', including its own obligation, independent of the parties, to limit discovery to its appropriate scope.

On the issue of door-to-door sales vendors not having access to its DNC List, Plaintiff urges the Court not to allow "Indra to circumvent the TCPA's IDNC regulations by hiring ostensible "door-to-door" sales agents to conduct telemarketing campaign." Moreover, Nock emphasizes that DNC Lists are routinely discoverable in cases with INDC claims, such as Nock has alleged here. The Court agrees, with appropriate limitations as to scope.

Turning to Request for Production No. 9, Nock is correct that DNC lists are typically discoverable in TCPA cases with INDC claims. *Hossfeld v. Allstate Ins. Co.*, Case No. 20-CV-7091, 2021 WL 4819498, at *4 (N.D. Ill. Oct. 15, 2021) (reasoning that a DNC list is relevant to the plaintiff's claim that the defendant's "procedures for coordinating internal DNC lists among [the defendant] and its vendors and subvendors are inadequate"); *see also Fralish v. Digital Media Sols., Inc.*, No. 21-00045, 2021 WL 5370104, *5 (N.D. Ind. Nov. 17, 2021) (recognizing that a

2

TCPA plaintiff is generally "entitled to investigate the thoroughness of [defendants'] recordkeeping"). Here, Nock alleges INDC claims directly related to Indra's DNC List, its policies related to the DNC List, and whether Indra's training and practices ran afoul of its DNC policies. (ECF No. 28 at 24). Although Indra urges that door-to-door in-person sales do not involve telephone solicitation, Plaintiff's allegation in this case is that Indra knew (or should have known) that its sales agents were disguising what was in fact a telephone campaign (subject to INDC and the TCPA) by mislabeling it as a door-to-door campaign beyond the reach of the TCPA. The Court understands that Indra strongly disputes this allegation, but at the discovery stage, it is difficult to conceive how the DNC list could not be relevant, at the very least for the purposes of Plaintiff's INDC claims, given Plaintiff's allegations. Therefore, the Court will GRANT Plaintiff's request to compel Indra to respond to Request for Production No. 9 with the limitation that (to any extent it is not so limited already), the production shall apply only to Maryland residents during the class period Judge Bennett previously ruled is relevant.

      B.     *Interrogatories Nos. 4-6; 19, and Request for Production No. 23*

Plaintiff characterizes Interrogatories Nos. 4-6, 19, and Request for Production No. 23 as "basic information about Indra's IT infrastructure." (ECF No. 150 at 2). The requests are as follows:

**Interrogatory No. 4**: "Identify every document repository containing information about Indra's customers which [] is used in Indra's business…" (ECF No. 150-1 at 21).

**Interrogatory No. 5**: "Identify each custodian and/or repository with respect to which Defendants have taken any measure to preserve documents, including the measure(s) taken to preserve such documents." *Id.* at 22.

**Interrogatory No. 6**: "Identify the search criteria and/or parameters used to search each custodian and/or repository identified in your answer to Interrogatories 4 and 5 above…" *Id.*

**Interrogatory No. 19**: seeks the contact information of everyone "involved in Indra's preservation, collection, and/or production of documents in this case," and their involvement in such activity. *Id.* at 47-48.

**Request for Production No. 23**: seeks documents

> concerning the operation and maintenance of any information system (including, by way of example, instruction manuals, operation manuals, [and] training manuals [] the written policies and procedures regarding the operation of such system, and/or communications reflecting unwritten policies and procedures regarding the operation of such systems) which used or made available to Indra or its sales agents, and (c) contain[ing] documents that [] are responsive to Plaintiff's other discovery requests[.]

3

These requests undoubtedly extend beyond basic information about Indra's IT infrastructure—they seek sweeping discovery related to the mechanics of Indra's document production. This Court has recognized before that discovery about discovery is often not permitted. *Fish v. Air & Liquid Sys. Corp.*, Civil No. GLR-16-496, 2017 WL 697663, at *6 (D. Md. Feb. 21, 2017)) ("'Discovery on discovery' is not an appropriate topic of discovery and numerous courts have disallowed such discovery."). This case is no different. To the extent that Plaintiff believes these requests are necessary to "bear[] on Indra's compliance with the Court's prior orders compelling Indra to produce documents," the Court instead relies upon Rule 26(g)(1) that attaches to Indra's responses. Thus, Plaintiff's request is DENIED.

Interrogatory No. 4 and Request for Production No. 23 warrant greater discussion, because while they are certainly broad, they differ slightly from the other discovery about discovery requests. As Indra states in its position statement,

> [Interrogatory No. 4] is improper because it contains no meaningful limitation tied to the issues in this case and instead seeks an inventory of repositories containing any customer information nationwide. Indra has already identified and produced discovery from the relevant repositories throughout this litigation, including internal emails, third-party TPV.com data, and Indra's internal customer-relations management system (SPA).

(ECF No. 149 at 2). The Court agrees that a request seeking all document repositories containing information about any of Indra's customers is improper under Rule 26(b). Accordingly, to the extent that Plaintiff seeks to discover this information, he shall do so through the less burdensome means afforded by the Rule 30(b)(6) deposition Indra has offered as a solution. (ECF No. 149 at 2). Therefore, Plaintiff's requested relief with respect to Interrogatory No. 4 is DENIED.

Turning to Request for Production No. 23, Indra states, "Indra cannot respond to this request as worded because it lacks any meaningful limitation as to system, subject matter, time period, or personnel." The Court agrees. Even with the many pages Plaintiff offered in support of its position letter, the Court is unable to determine what exactly Plaintiff seeks to discovery from Request for Production No. 23 or how the expansive nature of this request is tied to the claims in this case. It is conceivable that information about how Indra operated and maintained its information systems during the class period insofar as they relate to information Indra shared with its door-to-door sales agents in Maryland would be relevant. Based on Plaintiff's representation that "RPD 23 seeks documentation on "the operation and maintenance of any information system [] used or made available to Indra or its sales agents, including instruction or operation manuals, RPD No. 23 will be permissible to the extent that it is limited in that regard, during the class period Judge Bennett established, and to Indra's door-to-door sales agents in Maryland. Therefore, Plaintiff's requested relief is GRANTED in part and DENIED in part.

4

**III.    Conclusion**

For the foregoing reasons, Defendants shall, within twenty (20) days of the entry of this order to produce the Request for Production No. 9 and the limited Request for Production No. 23. Plaintiff's requests are otherwise denied.

Notwithstanding its informal nature, this letter constitutes an order of the Court and should be docketed as such.

Sincerely yours,

_____/s/_____

J. Mark Coulson
United States Magistrate Judge