

Ryan Watstein<br>
Ryan@wtlaw.com<br>
404-782-0695

February 10, 2026

**VIA CM/ECF & VIA E-MAIL**
Honorable J. Mark Coulson, U.S.M.J.
MDD_JMCCHAMBERS@MDD.USCOURTS.GOV

    Re:   *Nock v. PalmCo Admin. LLC et al.*, **No. 24-cv-662-RDB-JMC**
            **Defendants' Position on Discovery Dispute Raised in ECF No. 152**

Dear Judge Coulson:

    Indra submits this letter to address the third-party discovery dispute Plaintiff raised in ECF No. 152. Indra recognizes that the Court does not typically resolve third-party disputes through this process, but the circumstances here are unique.

    After months of conferrals and correspondence spanning more than a dozen hours, the entry of a special stipulated protective order, and Indra's repeated narrowing of its requests, Mr. Preston has refused—absent a court order—to provide basic information about how and under what circumstances he obtained the call recordings upon which Plaintiff bases his and the putative class's claims. Mr. Preston claims he acquired the recordings in 2021—long before Plaintiff retained him—and concedes no other means of obtaining this information exists. Indra needs this information to assess the recordings' authenticity, chain of custody, admissibility, and other important issues, such as who owned and created the recordings and whether Mr. Preston obtained them in violation of any protective order, law, or contract (as, generally, you cannot download thousands of call recordings without permission). Accordingly, Indra served Mr. Preston, as a non-party in Texas, with a subpoena for documents and a deposition limited to those call recordings.

    This dispute does not arise from discovery between *Plaintiff* and Indra, so the Court's informal discovery-dispute process ordinarily would not apply. *See* ECF No. 153. However, *Plaintiff* seeks an extraordinary protective order covering Mr. Preston's acts as a non-party.[1] The Court should deny that request, which seeks to avoid limited, factual, third-party discovery into key evidence Mr. Preston obtained before Plaintiff retained him and that he seeks to use against Indra. The information is highly relevant, not privileged, already adequately protected, and available only from Mr. Preston, who alone has firsthand knowledge about his own conduct (meaning Indra must have access to this information even if it were work product, which it is not). Plaintiff cannot meet his burden to prove otherwise, and has no basis to challenge a third-party subpoena about events that predated his involvement, anyway.

---

[1] Assuming Mr. Preston consents to this Court's jurisdiction to resolve his challenge to the subpoena (given his decision to submit it to this Court), Indra agrees to seek resolution here rather than in Texas. *See* ECF No. 153.

| **Atlanta** | **Los Angeles** | **Miami** |
|---|---|---|
| 75 14th Street NE, Ste. 2600 | 515 S. Flower Street, 19th Floor | 218 NW 24th Street, 3rd Floor |
| Atlanta, GA 30309 | Los Angeles, CA 90071 | Miami, FL 33127 |

 www.wtlaw.com      Ryan@wtlaw.com      404-782-0695

**Background**

Plaintiff alleges that one of Indra's independent, third-party door-to-door sales vendors hired a subcontractor to make telemarketing calls, in violation of the vendor's agreement with Indra to conduct only door-to-door sales. Plaintiff's supposed evidence is unauthenticated, hearsay call recordings he produced in discovery. Those recordings are also Plaintiff's evidence purporting to identify individuals who allegedly received the calls and, therefore, could possibly be putative class members. Plaintiff's claims about the merits of this case and its suitability for class treatment thus depend entirely on these recordings (though both fail even with the recordings, as Indra can't be liable for violative subvendor conduct that Indra expressly prohibited and didn't know about).

Mr. Preston claims that he "found" the recordings on the internet in October or November 2021, long before he solicited Plaintiff to file this suit in 2022. *See* R. Nock Dep. Tr. 31:6–22. Mr. Preston has produced the URLs at which he says he found the recordings, and cryptically claims he obtained them in the context of undisclosed litigation, using a script on his computer, and without a password or payment. But Mr. Preston has refused to answer Indra's basic questions about how and under what circumstances he identified, obtained, and preserved the recordings. What litigation? What led him to the website? Who owned and operated the website? Did he obtain permission to access and acquire the recordings? Who owned and created them? Were there any records on the same website that authenticated the recordings? Any metadata showing dates the files were created or edited? What documents establish chain of custody? Were the recordings altered? And so on.[2]

Indra spent months and considerable resources attempting to resolve this dispute informally. Indra even agreed to, and spent weeks negotiating, a Rule 502(d) order Mr. Preston demanded. Indra also repeatedly narrowed its requests. But Mr. Preston ultimately refused to provide basic factual context, despite confirming he alone has firsthand knowledge about his actions. Mr. Preston insisted that he (a third party) had no obligation to respond while Indra had not (he claimed) satisfied Plaintiff's discovery demands—many of which the Court has since rejected.

As a result, Indra served a subpoena limited to those call recordings on Mr. Preston's law firm by email. Indra later withdrew the subpoena based on Mr. Preston's representation that he would engage in good-faith informal discussions under the Rule 502(d) order. But Mr. Preston ultimately refused and stated repeatedly that he would not accept service of Indra's subpoena by email or mail.[3]

---

[2] Last night, after Plaintiff submitted this issue to the Court, Mr. Preston's co-counsel called Indra's counsel. Indra offered to withdraw the subpoena if, today, Mr. Preston answered the questions Indra sent months ago. Mr. Preston has neither done so nor confirmed his co-counsel's statements about the recordings allegedly having been obtained in connection with a case named *Katz v. Liberty Power*. The disclosure nonetheless underscores that Mr. Preston is withholding (and has withheld) relevant information. Instead, late this afternoon, Mr. Preston asked for the first time whether Indra might accept a written-questions (rather than oral) deposition, without any assurance he'd answer Indra's basic questions in that manner, either. Indra rejected that proposal, as outlined in the email attached as Exhibit A.

[3] *See, e.g.*, Mr. Preston: "Service by mail is not valid in this case." (Sept. 17, 2025, email, addressing Indra's subpoena); "We agree that a Rule 26(c) motion does not affect the validity of service, and that the parties agreed to accept service by mail. As you've pointed out, I am not a party and that agreement does not extend to or contemplate service on counsel personally. I have not agreed to accept service via email or mail to me personally." (Sept. 22, 2025, same); "Nock has served one or maybe two witnesses by mail—where the witness had indicated they were willing to accept service by mail. That is no substitute for service under Rule 45 here." (Sept. 23, 2025, same); "The Court should resolve the joint discovery letter first before Indra serves a new subpoena (especially without consent to service by email or mail)." (Dec. 1, 2025, same); "I'm certainly not obliged to accept service of a subpoena by email or mail . . . ." (Dec. 8, 2025, same).

Mr. Preston also clarified that "Preston Law Offices is a trade name. There is no separate legal entity." With no other option, Indra hand-delivered a subpoena to Mr. Preston.

**The Information is Crucial for the Preparation of this Case**

Indra will suffer significant prejudice if Mr. Preston withholds basic information about evidence Plaintiff claims is central to his allegations against Indra. Indra needs to know how and under what circumstances Mr. Preston obtained the recordings to evaluate (or challenge) their authenticity, admissibility, and integrity, and prepare expert testimony and argument. That's critical for determining vicarious liability: Was the alleged caller who Plaintiff says it is? Was it a subvendor of that company? Someone else entirely? We don't know. The recordings' file names, which purport to reflect telephone numbers and dates, are also Plaintiff's evidence supposedly identifying putative class members. And the recordings are his evidence of alleged telemarketing calls referencing Indra without its permission (and instructing consumers to tell Indra they received door-to-door solicitations, not calls, so as to conceal the conduct from Indra). Indeed, there's no way to confirm that all the recordings even reference Indra—and many don't—without listening to each one, which would take hundreds of hours. Moreover, file names and sound recordings are easy to edit, and Indra cannot simply rely on Mr. Preston's incomplete and informal representations that they remain in their original condition and that their website metadata did not contradict or otherwise contextualize them. Considering the highly unusual nature of these events, Indra also needs this information to assess the lawfulness of Mr. Preston's obtaining the recordings and his adequacy to represent a class under Rule 23. The information is therefore crucial to Indra's ability to prepare likely defenses, ensure a fair evaluation of Plaintiff's evidence, and assist the Court's determination of its admissibility.

**No Other Means Exists to Obtain the Information**

By his own admission, Mr. Preston alone knows how and under what circumstances he found, acquired, and has preserved the call recordings. Indra has repeatedly asked about other means of obtaining this information. Mr. Preston has provided no alternatives.

**No Privilege Applies**

Mr. Preston claims that privilege precludes disclosure of the information Indra seeks. That's wrong. ***First***, Mr. Preston obtained the recordings before Plaintiff retained him, so attorney-client privilege does not protect Mr. Preston's independent actions. ***Second***, even if Mr. Preston obtained the recordings in connection with other, undisclosed litigation, Plaintiff lacks standing to assert privilege over Mr. Preston's acts before Plaintiff retained him. Plaintiff also has no privacy or proprietary interest in the recordings. ***Third***, even assuming Plaintiff or Mr. Preston could assert privilege, the work-product doctrine doesn't shield purely factual information (as opposed to opinions) when a substantial need exists and the information isn't available by alternative means without undue hardship. As explained above, those conditions are met here. Indra seeks purely factual information, not legal theories or litigation strategy. For example, chain-of-custody and authenticity questions require fact-witness testimony. ***Fourth***, even if any privilege applied, Mr. Preston and Plaintiff waived it by producing and seeking to rely on the recordings as evidence against Indra. ***Fifth***, even absent waiver, the 502(d) order and the prior protective order already adequately protect the information Indra seeks. Indra spent weeks working with Mr. Preston on the 502(d) order to obviate this concern.

If the Court has any hesitation in denying Plaintiff's request, Indra would welcome the Court's questions during a telephone conference. ECF No. 49 (Court's Discovery Memorandum) at 1.

>Best regards,
>
>*/s/ Ryan Watstein*
>
>Ryan Watstein