# EXHIBIT A

**Subject:** Re: Nock v. Indra - Discovery Follow-up
**Date:** Tuesday, February 10, 2026 at 8:28:04 PM Eastern Standard Time
**From:** Ryan Watstein
**To:** Ethan Preston
**CC:** James Ruley, Jacob Ginsburg, Logan Leonard

Hi Ethan,

It sounds like something might have been lost in translation. I indicated to Jake last night that, if you were to answer today by email all the questions that Logan posed to you about the recordings months ago, we would consider foregoing a deposition. That didn't happen. In addition, when Jake and I talked last night, neither of us realized that you had already submitted the dispute about your deposition to the Court.

In any event, having thought about the issue more and having not received answers to our questions, I don't think there's any way around a deposition. We were hopeful there was, but you've given us the runaround for months, and we really need to know the facts and circumstances of the call recordings that you plan on using against our client, which unfortunately only you know. Given how cagey you have been, anything short of a deposition where we can ask follow-up questions about them just isn't going to work.

That said, I think there's an easy solution to the scope issue you raise below: we only want to ask you **factual** questions. This necessarily eliminates any concerns you might have about us getting into opinion work product, which we have repeatedly said we have no interest in and will not do. Please let us know if that resolves your concerns about a deposition.

Best,
-Ryan

**Ryan D. Watstein (bio)**
WATSTEIN TEREPKA LLP
P: 404-782-0695
ryan@wtlaw.com
www.wtlaw.com

---

**From:** Ethan Preston <ep@eplaw.us>
**Date:** Tuesday, February 10, 2026 at 2:51 PM
**To:** Ryan Watstein <Ryan@wtlaw.com>
**Cc:** James Ruley <jruley@wtlaw.com>, Jacob Ginsburg <jginsburg@creditlaw.com>, Logan Leonard <lleonard@wtlaw.com>
**Subject:** Re: Nock v. Indra - Discovery Follow-up

[Warning – external]

Ryan,

I understand that Indra may be willing to accept a deposition on written questions under Rule 31, in lieu of an oral deposition under Rule 30.

It still does not sound like we are going to be able to agree on the scope of all the questions, but this might at least narrow disputes over any post-order discovery. Please let us know.

Thanks,

Ethan

On 2/9/26 6:21 PM, Logan Leonard wrote:

> Confirmed.
>
> **Logan Leonard ([bio](#))**
> WATSTEIN TEREPKA <sup>LLP</sup>
> P: 404-842-5065
> [lleonard@wtlaw.com](mailto:lleonard@wtlaw.com)
> [www.wtlaw.com](http://www.wtlaw.com)
>
> **From:** Ethan Preston <ep@eplaw.us>
> **Date:** Monday, February 9, 2026 at 6:27 PM
> **To:** Logan Leonard <lleonard@wtlaw.com>, Jacob Ginsburg <jginsburg@creditlaw.com>
> **Cc:** Ryan Watstein <Ryan@wtlaw.com>, James Ruley <jruley@wtlaw.com>
> **Subject:** Re: Nock v. Indra - Discovery Follow-up
>
> [Warning – external]
>
> Logan, I want to confirm that we're agreed on the attached letter. Thanks, Ethan
>
> On 2/9/26 11:03 AM, Logan Leonard wrote:
>
>> Ethan,
>>
>> We understand that your position is that "the subpoena letter is urgent" in light of the upcoming deposition date. The parties agreed to a final version of the joint letter on Wednesday last week. Please let us know if Plaintiff no longer intends to pursue this request. If filing is delayed beyond today, Indra reserves the right to revise its portion of the joint letter before filing.
>>
>> Best,
>> Logan