**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P: (410) 962-4953 | F: (410) 962-2985
mdd_jmcchambers@mdd.uscourts.gov

April 8, 2026

LETTER ORDER AND OPINION TO COUNSEL

RE:   *Nock v. PalmCo Administration, LLC et al.*
      Civil No. 1:24-cv-00662-JMC

Dear Counsel:

Plaintiff, Robert Nock, individually and on behalf of all others similarly situated, brought this case against Defendants, PalmCo Administration, LLC d/b/a Indra Energy, PalmCo Power MD, LLC d/b/a Indra Energy, and PalmCo Energy MD, LLC d/b/a Indra Energy (collectively, "Indra" or "Defendants") alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Maryland Telephone Consumer Protection Act, Md. Com. Law § 14-3201, *et seq.* (ECF No. 28). Currently before the Court is a dispute concerning whether Indra has complied with the Court's previous discovery dispute rulings.  (ECF Nos. 162, 163, 164). Plaintiff seeks (1) and Order compelling Nock to supplement its discovery responses, (2) appoint an independent Court officer to inspect Indra's discovery responses, and (3) to exempt a motion for sanctions from the April 1, 2026 discovery deadline. (ECF No. 163).

The issues have been fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Plaintiff's requested relief is GRANTED in part and DENIED in part.

## I.      Background

The parties now resurrect their previous discovery arguments by way of a dispute concerning Indra's compliance with the Court's rulings. *See* (ECF Nos. 141, 142, 143, 145, 147, 148, 149, 150, 151).  As stated previously, this matter was referred to the undersigned for discovery and all related scheduling by U.S. District Judge Richard Bennett on November 7, 2024. (ECF No. 49). The undersigned addressed various disputes in orders dated November 11, 2024, January 15, 2025, and March 10, 2025.  (ECF Nos. 60, 75, and 86).  On August 6, 2025, the undersigned issued an Order deferring any further discovery rulings until the Plaintiff's motion to consolidate had been resolved.  (ECF No. 131).   Judge Bennett denied Plaintiff's motion to consolidate on December 17, 2025.  Thereafter, the undersigned directed the parties to propose a schedule for remaining discovery and related deadlines and to file a joint status report on January 7, 2026. (ECF No. 138). The parties did so in a joint status report dated January 21, 2026, and alerted the Court of a discovery dispute shortly thereafter.  (ECF No. 139). The Court issued a letter Order and Opinion on February 2, 2026, that denied the requested relief to the extent it related *Abramson v. PalmCo PA LLC*, 19-cv-1675-MJH (W.D.Pa 2019), but granted the relief regarding the 2019 email and related request for admission.  (ECF No. 145) (Docketed on February 3, 2026).  The day after the Order and Opinion was docketed, on February 4, 2026, the parties alerted the court to another

1

discovery dispute in a joint correspondence.  (ECF No. 147, 148). As usual, they submitted letters to the Court outlining their respective positions. (ECF Nos. 149, 150).  The Court issued an Opinion and Order regarding the February 4, 2026 dispute on February 9, 2026.  (ECF No. 151). That same day, the parties alerted the Court to another discovery dispute.  (ECF No. 152).  They submitted their position letters on February 10, 2026, and the Court ruled on the dispute on February 19, 2026.  (ECF Nos. 154, 155).

On January 22, 2026, the Court extended the discovery deadline to March 25, 2026.  (ECF No. 140). Thereafter, the Court considered and granted a second extension of the discovery schedule on March 20, 2026, thereby extending the discovery deadline to April 1, 2026. (ECF No. 161). Then, on April 1, 2026, the parties notified the Court of Nock's concerns with the sufficiency of Indra's fact discovery production. (ECF No. 162).

## II.      Analysis

Nock asks the Court to (1) compel the production of certain documents under Request for Production No. 9; (2) to "appoint an independent third party…to ensure that Indra's production is complete"; and (3) "allow the parties to formally brief evidentiary sanctions under the Rules." (ECF No. 163).

### A.       INDC Requests – Request for Production No. 9.

Nock insists that Indra has failed to comply with the Court's order on Request for Production No. 9. To be sure, the Court previously granted an order compelling the production of documents responsive to Request No. 9 but narrowing it to "Maryland residents during the class period Judge Bennett previously ruled is relevant."  (ECF No. 151).  Request for Production No. 9 seeks the production of

> All documents concerning Indra's Do-Not-Call policy during the class period, including (but not limited to) all copies and/or versions of any Do-Not-Call list (including both National Do-Not-Call lists and internal Do-Not-Call lists), including all requests to be placed on any Do-Not-Call list, all documents sufficient to determine when particular telephone numbers were added to such Do-Not-Call lists, documents sufficient to identify all parties responsible for adding such telephone numbers to such Do-Not-Call list.

(ECF No. 150-1 at 27-28).[1] Indra indicates it "produced its DNC policies and training materials, too, even though it does not understand the order to require that."  (ECF No. 164 at 3).  To that extent, it seems that the parties agree that Indra has not provided a response that includes the DNC list requests.

Indra states, as it did when the Court first considered this dispute, that its "Indra's door-to-door vendors and their subcontractors cannot access Indra's do-not-call requests. Even when a

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

2

DNC list is relevant to show what numbers are on the list, the requests to be added to that list are at most redundant." That may well be true, but the Court did not grant any such limitation to the Request for Production No. 9 in February. (ECF No. 150 at 3) ("Although Indra urges that door-to-door in-person sales do not involve telephone solicitation, Plaintiff's allegation in this case is that Indra knew (or should have known) that its sales agents were disguising what was in fact a telephone campaign (subject to INDC and the TCPA) by mislabeling it as a door-to-door campaign beyond the reach of the TCPA. The Court understands that Indra strongly disputes this allegation, but at the discovery stage, it is difficult to conceive how the DNC list could not be relevant, at the very least for the purposes of Plaintiff's INDC claims, given Plaintiff's allegations."). Where Indra characterizes this issue as a "last-minute request" that should be denied, the Court's Letter Opinion and Order compelling production of Request No. 9 with only temporal and geographical limitations was docketed on February 9, 2026. (ECF No. 150).

Therefore, on this issue, the Court does not find the timing of Nock's request to compel Indra to comply with the Court's previous orders so untimely as to preclude a clarification: Indra must, within twenty (20) days of the date of this Opinion and Order, supplement its response to RPD No. 9 with the DNC requests, so long as they fall within the Court's previous temporal and geographical limitations.

### B.    Email and TPV.com Data

Nock next asks the court to appoint "an independent court officer to inspect Indra's email and Purview systems, locate the email missing from Indra's productions, and review Indra's audit logs to assess its past deletions and prior productions." (ECF No. 163). As an initial matter, Nock posits that any such data collection "might as well extend to "(a) the top 300 TPV enrollments by distance for three years prior to April 1, 2021, and (b) communications with three specific vendors (Matrix Energy Group, NSL, and Endurance) over the entire class period." (ECF No. 163 at 2). Consistent with the Court's Opinions and Orders on discovery and considering that the discovery deadline has now passed, the Court will not expand the scope of Request for Production No. 2. *See* (ECF Nos. 36, 145, 151).

Even if such concerns about expanding a previous discovery request were not present, the Court finds it unnecessary to appoint an independent court officer to inspect Indra's email and Purview Systems to locate the specific data about the emails Nock would like to obtain. The Court has already foreclosed "discovery about discovery," and the Court does not find it appropriate to require the production of or to appoint a court officer to search for audit logs to assess any "past deletions and prior productions." (ECF No. 163 at 2). *Fish v. Air & Liquid Sys. Corp.*, Civil No. GLR-16-496, 2017 WL 697663, at *6 (D. Md. Feb. 21, 2017)) ("'Discovery on discovery' is not an appropriate topic of discovery and numerous courts have disallowed such discovery."). To that end, Indra emphasizes that when "Plaintiff requested new information from 'Indra's Microsoft Purview audit logs' and its 'records in Files.com'" after a deposition, "Indra searched and confirmed that no responsive data exists in those systems." (ECF No. 164 at 3). Nock does not

seem to disagree with whether the data exists in Indra's systems; rather, it seems that he challenges whether there exists some data showing that the deletions were made for some improper purpose.

However, Nock states the ultimate issue best: "Nock asserts TCPA claims, carried out by Indra and its "door-to-door" agents. Nock does not have to just survive summary judgment—he needs to prove to a jury at trial that Indra had actual or constructive knowledge of the "door-to-door" scheme. Much of Nock's evidence will necessarily be circumstantial." Though Nock does not state as much, the Court observes that Nock's citations to several deposition transcripts concerning the deletions could possibly entitle Nock to inferences in his favor at summary judgment and trial in the greater context of his arguments and theory of his case.[2] From what the Court can discern of his arguments here, the various sworn statements that relate to certain deletions, perhaps in violation of the duty to preserve as Nock suggests, do not justify the expense and delay to the litigation process necessary to appoint an independent court officer to inspect Indra's systems. Similarly, the arguments presented do not persuade the Court that Indra engages in an ongoing violation of the Court's order compelling production of the email and TPV data in light of the concessions that the requested data is not in Indra's systems. It does not appear as though there is any argument that Indra is hiding emails or other data it still has. Indra has certified as much by signing its responses and filings with the Court. Fed. R. Civ. P. 26(g)(1). Therefore, Nock is correct that the Court finds "appointing an independent inspection now is impractical because it will prolong discovery." (ECF No. 163 at 3).

Therefore, Nock's request for the appointment of an independent Court officer to inspect Indra's systems and to expand the scope of Request for Production No. 2 is DENIED.

### C.    *Nock May File His Motion for Sanctions If He Believes it Necessary*

Recognizing the Court's reluctance to continue to prolong discovery, Nock seeks leave to exempt a potential motion for sanction under Rule 37(e) from the discovery deadline. The Court finds it appropriate to exempt Nock's proposed motion for sanctions from the April 1, 2026, discovery deadline, with the understanding that there will not be any additional discovery sought as a remedy. Nock may make his arguments based on what the record shows, and his arguments may certainly contemplate any inferences or other remedies to which he believes he is entitled based on the current record.

As for Nock's request concerning the briefing schedule, the Court agrees with the proposal to submit a status report within thirty days of the entry of this Order with a proposed briefing schedule would be helpful. Therefore, the parties shall confer concerning their intentions to file summary judgment motions and file a status report within thirty days of the Court's order with a proposed briefing schedule. If the parties are still unsure whether they will file summary judgment motions, then Nock should still propose a briefing schedule for his motion for sanctions.

---

[2] The Court expresses no opinion as to whether Nock is, in fact, entitled to such an inference or any other remedies arising from his arguments. Instead, the Court recognizes that such a possibility, in the undersigned's view, forecloses any need to prolong discovery at this late stage and draw upon the recourses necessary to do so.

**III.    Conclusion**

For the foregoing reasons, Indra shall, within twenty (20) days of the entry of this supplement its response to Request for Production No. 9.  Within thirty days of the entry of this Order, Nock shall file a status report with a proposed briefing schedule for his motion for sanctions.  This remedy is excluded from the April 1, 2026, discovery deadline.  Discovery has otherwise concluded, and Plaintiff's requests are otherwise denied.

Notwithstanding its informal nature, this letter constitutes an order of the Court and should be docketed as such.

Sincerely yours,

_____/s/_____

J. Mark Coulson<br>
United States Magistrate Judge